**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| FABIAN ANTONIO THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:25-cv-1207-JDK |
| | § | |
| OFFICER SKYLAR SILLIVENT, in | § | |
| his individual capacity, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Fabian Antonio Thomas, proceeding pro se, filed this lawsuit against Defendants Officer Skylar Sillivent, Officer Aaron Gillespie, Officer Russell Douglas, Officer Joaquin Reyes, Sergeant T.S. Vowell-Zundel, and the City of The Colony, Texas (collectively "Defendants") on November 4, 2025. Docket No. 1. The case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for disposition of the action.

On January 19, 2026, Defendants filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Docket Nos. 12, 14. On February 10, 2026, Judge Love issued a Report recommending that Defendants' motions be granted and that this action be dismissed with prejudice. Docket No. 24. Plaintiff timely filed objections to the Report and Recommendation. Docket No. 25.

The Court reviews objected-to portions of the Magistrate Judge's Report and Recommendation de novo. *See* FED. R. CIV. P. 72 and 28 U.S.C. § 636(b)(1) ("A judge

1

of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). The Court conducting a de novo review examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Plaintiff first objects to Judge Love's recommendation that Plaintiff's claims against Officer Sillivent be dismissed. Plaintiff objects that the Report improperly resolved factual disputes because Judge Love considered the arrest affidavit and warrant attached to the motion to dismiss. Docket No. 25 at 2. However, "[a] court may consider certain documents attached or referred to in the complaint or the motion to dismiss, and critical to the claims, without converting a Rule 12(b)(6) motion into one for summary judgment." *Tellabs, Inc. v. Makor Issued & Rights*, 551 U.S. 308 (2007). Judge Love acted properly.

Judge Love was also correct in finding that Officer Sillivent did not obtain the arrest warrant unlawfully. To establish that an arrest was obtained unlawfully, a challenger must show that (1) an officer gave a knowingly or recklessly false statement to procure a warrant and (2) the warrant would not establish probable cause without the false information. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). Plaintiff argues that he has met the first *Franks* prong because Officer Sillivent allegedly gave a false statement by omitting the fact that he did not observe bruises or bodily injury to the victim. Docket No. 25 at 2. But Plaintiff demonstrates no

2

reason to believe that this omission was made knowingly or recklessly. Nor does he show any reason to believe the omission constituted a false statement to procure a warrant. Because Plaintiff fails to meet the first *Franks* prong, this objection is overruled. And because the first *Franks* prong is dispositive in determining the lawfulness of an arrest warrant, Plaintiff's objections relying on the second *Franks* prong are also overruled.[1]  *Id.* ¶¶ III–IV.

Next, Plaintiff objects that he stated a viable claim for failure to intervene and supervisory liability against the remaining individual Defendants. *Id.* at 3. This objection is nothing more than a cursory argument without factual support. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) ("In order to avoid dismissal for failure to state a claim, however, a plaintiff must plead specific facts, not mere conclusory allegations."). A review of the pleadings indicates that these claims were not sufficiently pleaded and fail to state a claim. Plaintiff makes the same generic objection with respect to the *Monell* claims, which also fails to carry weight in light of the pleaded allegations. Docket No. 25 at 3. Accordingly, these objections are overruled.

Lastly, Plaintiff objects to a dismissal with prejudice. *Id.* Plaintiff argues that his claims should not be dismissed without leave to amend and that at a minimum they should be dismissed without prejudice. *Id.* Here, Plaintiff already had an opportunity to amend his complaint in response to the motion (Docket No. 23), which was addressed in the Report. Judge Love considered that the amended complaint did

---

[1] Plaintiff's citation in support of one of these objections, *United States v. Lopez*, 817 F.3d 541, 545 (5th Cir. 2016), appears to be a phantom case that does not exist.

not change the viability of the asserted claims and found that further amendment was futile in light of the affidavit of arrest. Docket No. 24 at 16 (citing *Wilson v. Grest*, No. 17-2997, 2017 WL 4998651, at *4 (E.D. La. Nov. 2, 2017) (holding any amendment to plaintiff's complaint would be futile where "plaintiff's allegations are contradicted by the documentary evidence")). Having reviewed the allegations, the Court agrees with the futility analysis and finds that the claims are subject to dismissal without an additional opportunity to amend.

Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (Docket No. 24) is **ADOPTED**. Defendants' motions to dismiss (Docket Nos. 12, 14) are **GRANTED**, and this matter is **DISMISSED** with prejudice. Final judgment will be entered by separate order.

So **ORDERED** and **SIGNED** this **2nd** day of **March, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

4